IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **KEVIN C. EVERETTE,** : | |
| : | |
| Petitioner : | CIVIL NO. 1:CV-10-00510 |
| : | |
| v. : | **(Judge Rambo)** |
| : | |
| **WARDEN OF DAUPHIN** : | |
| **COUNTY,** *et al.,* : | |
| : | |
| **Respondents** : | |

## **M E M O R A N D U M**

Kevin C. Everette ("Everette"), an inmate presently confined at the Dauphin County Prison in Harrisburg, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging ongoing state criminal proceedings in the Court of Common Pleas of Dauphin County. (Doc. 1.) This petition has been given preliminary consideration and, for the reasons set forth below, the court will dismiss this action without prejudice because there are ongoing state court criminal proceedings. *See* R. Governing § 2254 Cases R.4.[1]

## **I.  Background**

---

[1] Rule 4 of the Rules Governing § 2254 Habeas Corpus Cases provides, in pertinent part, that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Everette was arrested and charged in state court with rape and related offenses on March 27, 2007. (Doc. 1 at 1.) His case has not yet gone to trial. (*Id.*) An electronic search of Pennsylvania's Unified Judicial System webportal confirms that Everette's case is still pending before the Dauphin County court.[2] *Commonwealth v. Everette*, CP-22-CR-0002463-2007. On February 22, 2010, a pretrial hearing was held to address evidence to be presented at trial. *Id.* Further, several continuances have been granted. *Id.* The latest continuance until August 9, 2010 was granted on March 24, 2010. *Id.* As a result, Everette remains in custody on the pending state court charges. In the instant petition, it is Everette's contention that because he remains in state custody and has not been tried in state court, the state charges should be dismissed and he should be released. (Doc. 1 at 2.)

**II.    Discussion**

The doctrine of abstention which has developed since *Younger v. Harris*, 401 U.S. 37 (1971), "espouse[s] a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances."

---

[2] Everette has also attached to his petition a copy of the docket sheet in his Dauphin County court case. (*See* Doc. 1 at 4-18.) For purposes of disposition of the instant petition, however, the court has performed a new electronic search for the latest filings in his case.

*Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). "*Younger* abstention," as the Court's teaching is known, "is premised on the notion of comity, a principle of deference and 'proper respect' for state governmental functions in our federal system." *Evans v. Court of Common Pleas, Delaware County, Pa.*, 959 F.2d 1227, 1234 (3d Cir. 1992). Comity concerns are especially heightened when the ongoing state governmental function is a criminal proceeding. *Id*. ("In no area of the law is the need for a federal court to stay its hand pending completion of state proceedings more evident than in the case of pending criminal proceedings.")

The specific elements that warrant abstention are that "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). All three elements are present in this case. First, Everette's claim concerns an ongoing criminal case pending in the Commonwealth of Pennsylvania. Second, based upon the fact that he is seeking to dismiss the charges for lack of a speedy trial, this proceeding clearly implicates important state interests. Third, the presence of pretrial motions filed on behalf of Everette by his counsel of record and proceedings in the state court addressing pretrial issues demonstrates that he has and will have an adequate

3

opportunity to raise any federal issues in the state forum. As a result, this court may assume that the state procedures will afford an adequate remedy.[3] *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995) (citing *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 17 (1987) ("Initially, we must presume that the state courts are able to protect the interests of the federal plaintiff.")).

### III. Conclusion

Under the present circumstances, the court concludes that it is appropriate to abstain from entertaining the petition. Accordingly, the petition will be dismissed without prejudice. Further, the court finds there is no basis for the issuance of a certificate of appealability. *See* 28 U.S.C. § 1153(c).

                                          s/Sylvia H. Rambo
                                          United States District Judge

Dated: April 12, 2010.

---

[3] Exceptions to the *Younger* doctrine exists where irreparable injury is "both great and immediate," *Younger*, 401 U.S. at 46, where the state law is "flagrantly and patently violative of express constitutional prohibitions," *id*. at 53, or where there is a showing of "bad faith, harassment, or . . . other unusual circumstance that would call for equitable relief," *id*. at 54. The exceptions are to be narrowly construed. *Loftus v. Twp. of Lawrence Park*, 764 F. Supp. 354, 357 (W.D. Pa. 1991). Everette has failed to show that he falls within any of the narrow exceptions to the *Younger* doctrine.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

**KEVIN C. EVERETTE,** :
:
    **Petitioner** : **CIVIL NO. 1:CV-10-00510**
:
v. : **(Judge Rambo)**
:
**WARDEN OF DAUPHIN** :
**COUNTY,** *et al.,* :
:
    **Respondents** :

# O R D E R

In accordance with the accompanying memorandum, **IT IS HEREBY ORDERED THAT**:

1) The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** without prejudice.

2) The Clerk of Court is directed to **CLOSE** this case.

3) There is no basis for the issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c).

                                        s/Sylvia H. Rambo
                                        United States District Judge

Dated: April 12, 2010.